Richard F. Hamlin (SBN 47954)
Email:  rhamlin@hamlinlaw.com
HAMLIN CODY
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Tel:  (310) 216-2165
Fax:  (310) 215-3815

Attorneys for Marina Properties, LLC

UNITED STATES DISTRICT COURT – CENTRAL DISTRICT CALIFORNIA

| | |
|---|---|
| Marina Properties, LLC, a California limited liability company<br><br>                                        Plaintiff,<br><br>vs.<br><br>Marina Properties Company, a California general partnership; Chung Cho, an individual; Young Dai Lee, an individual; New Marina Cleaners, LLC, a California limited liability company; Soon Ae Kim, an individual; Jung Yol Lee, an individual; ; Young S. Suh, an individual Hae Sun Suh, an individual.<br><br>Defendants. | Case No.<br>Judge:<br>Complaint Filed:<br><br>Complaint to Recover Costs to Investigate and Remediate Hazardous Wastes; for Injunctive Relief; to Recover Damages for Nuisance and Trespass; for Contribution and Indemnity; and Declaratory Relief |

Plaintiff, Marina Properties, LLC alleges:

## JURISDICTION, VENUE AND PARTIES

1.      The First Cause of Action asserts a claim under 42 U.S.C. §§6901, *et seq*. and §6972(a).  The Second Cause of Action asserts a claim under 42 U.S.C. 9613.  The Tenth Cause of Actin asserts a claim under 42 U.S.C. §6972.  These statues give this Court jurisdiction over those claims.  This Court has supplemental jurisdiction over the remaining causes of action under 28 U.S.C. §1367(a).

1

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses

2.      The property that is the subject of this action ("Property") is located in Los Angeles, County California and commonly known as Parcel 22, Marina del Rey.  Hazardous Substances were released at the Property.  This Court is the proper venue under 42 U.S.C. §6972, §9613, and 28 U.S.C. 1391(b).

3.      Plaintiff, Marina Properties, LLC ("the LLC"), is a limited liability company organized under the laws of the State of California and doing business in Los Angeles County, California.

4.      Defendant, Marina Properties Company ("the Partnership") was a California general partnership that did business in Los Angeles County, California. The Partnership is a "person" as defined in 42 U.S.C. §9601(21).

5.      On information and belief, New Marina Cleaners, LLC ("Marina Cleaners") is a limited liability company organized under California law.

6.      Chung Cho ("Cho"), Young Dai Lee ("Lee"), Soon Ae Kim ("Kim"), Jung Yol Lee ("Yol Lee"), and Joung S. Suh ("Suh"), and Hae Sun Suh ("Sun Suh") are individuals who reside in the County of Los Angeles.

## BACKGROUND

7.      Until May 21, 2002, the Partnership leased the Property from the County of Los Angeles under a long-term ground lease ("Master Lease").  The Partnership subleased a portion of the Property, commonly known as 4160 Via Marina, Marina del Rey, California 90292 ("Premises") sequentially to one or more dry cleaning businesses ("Operators").

8.      The Operators were the Parties named in Paragraphs 4-6 above.

9.      Operators did business on the Premises under various fictitious business names.  The Premises have been vacant since approximately September 11, 2020.

10.     On May 21, 2002, the County of Los Angeles approved an assignment of the Master Lease from the Partnership to the LLC.  At present, the Master Lease

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses

1    will expire on May 31, 2027.

2        11.    On information and belief, Plaintiff alleges that while the Partnership
3    leased the Property, one or more Operators released hazardous substances and
4    hazardous wastes at the Premises and the Property, including by way of example
5    and not limitation, perchloroethylene ("PCE").

6    **FIRST CAUSE OF ACTION FOR RELIEF UNDER 42 U.S.C. §§6901, *et***
7    ***seq.* and 6972(a)**

8        12.    Plaintiff incorporates by reference Paragraphs 1 – 11 above.

9        13.    The Property constitutes a "treatment, storage or disposal Property"
10   within the meaning and scope of 42 U.S.C. §6972(a)(1).   The LLC and each
11   Operator is each a "person" in accordance with 42 U.S.C. §6903(15).

12       14.    The hazardous materials, including PCE, disposed of on the Property
13   constitute "hazardous wastes" within the meaning of 42 U.S.C. §6903(5) (
14   "Hazardous Wastes") and "solid wastes" within the meaning of 42 U.S.C.
15   §6903(27) ("Solid Wastes"; collectively "Wastes").

16       15.    On information and belief, Plaintiff alleges that while the Partnership
17   leased the Property, each Operator released or disposed of Wastes at the Premises
18   and remainder of the Property.   These Wastes are present in the soil and
19   groundwater on the Property.

20       16.    The improper disposal and release of these Wastes violated Subchapter
21   III of Chapter 82 of Title 42 of the *United States Code* (§§6921, *et seq*.) and
22   regulations promulgated thereunder.

23       17.    On information and belief, Plaintiff alleges that these Wastes present,
24   or may present, an imminent and substantial endangerment to health and/or the
25   environment.

26       18.    On information and belief, Plaintiff alleges that the  Partnership and
27   the Operators are jointly and severally liable to take appropriate action to investigate

28
                                    3
Complaint to Recover Remediation and Investigation Costs, and Related Damages
                                 and Expenses

and remediate the Wastes, to abate the violations of Subchapter III, and to abate any imminent and substantial endangerment.  In addition, the Partnership and the Operators are jointly and severally liable to reimburse Plaintiff for all costs incurred, or to be incurred, to investigate or remediate the Property after receiving notice of the intent to file this suit ("RCRA Notice"), or the date of filing of this action.

19.     As a direct and proximate result of the acts and omissions described above, Plaintiff is entitled to an order requiring the Partnership and Operators to take such action as may be necessary to investigate and remediate the contamination, to abate the Subchapter III violations and to abate any imminent and substantial endangerment.

20.     As a direct and proximate result of the acts and omissions described above, Plaintiff is entitled to recover the costs of litigation, including reasonable attorney and expert witness fees, and for costs incurred since serving the RCRA Notice or the filing of this action.  Plaintiff mailed notice to the Partnership and Operators as well as to the Administrator of the EPA and to the State of California.

**SECOND CAUSE OF ACTION FOR CERCLA COST RECOVERY**

21.     Plaintiff incorporates by reference Paragraphs 1 – 11 and 13 - 15 above.

22.     Under §107(a) of the Comprehensive Environmental, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9607(a), Plaintiff may recover from the Partnership and the Operators the necessary costs of a response incurred consistent with the National Contingency Plan ("NCP").

23.     Under 42 U.S.C. §9613(g)(2) Plaintiff may seek a declaration that the Partnership and Operators are liable for "response costs" as those terms are defined in 42 U.S.C. §§(23), (24), and (25).

24.     PCE is a hazardous substance under CERCLA ("Hazardous Substance").

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses

25.     Under the Master Lease, the Partnership exercised control over the Property.  For the purposes of 42 U.S.C. §9607(a)(2), the Partnership was an "owner" or "operator" of the Property at the time that Hazardous Substances, including PCE, were disposed of at the Property.

26.     On information and belief, Plaintiff alleges that the release or disposal of Hazardous Substances, including PCE,  affected the groundwater at and emanating from the Property.

27.     On information and belief, Plaintiff alleges that while the Partnership leased the Property, Operators disposed or arranged the disposal of Hazardous Substances, including PCE, at the Property and into the groundwater at and emanating from the Property.

28.     On information and belief, Plaintiff alleges that the Property is a "facility" as defined in 42 U.S.C. 9601(9) and that the use, storage, discharge release and/or disposal of Hazardous Substances at the Property resulted in a "release" or "threatened release" as defined in 42 U.S.C. §9601(22).

29.     Plaintiff has incurred response costs consistent with the NCP as a direct and proximate result of the releases and threatened releases at the Property. Under 42 U.S.C. §9607, the Partnership and Operators are liable for response costs associated with the Property incurred or to be incurred by Plaintiff.

**THIRD CAUSE OF ACTION FOR CONTRIBUTION UNDER §113(F) OF CERCLA**

30.     Plaintiff incorporates by reference Paragraphs 1 - 11, 13 - 15, and 24 - 27 above.

31.     The Partnership and Operators are liable to Plaintiff for contribution for response costs incurred and to be incurred by Plaintiff pursuant to §113(f) of CERCLA, 42 U.S.C. §9613(f).

**FOURTH CAUSE OF ACTION FOR CONTRIBUTION UNDER *California***

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses

*Health and Safety Code*, §25363

32.    Plaintiff incorporates by reference Paragraphs 1 - 11, 13 - 15, and 24 - 27 above..

33.    Plaintiff the Partnership and Operators are persons" as defined in *California Health and Safety Code*, §25139.  Plaintiff has incurred costs in response to the releases and threatened releases of Hazardous Substances at and around the Property.

34.    The Partnership and Operators are liable or potentially liable under California Superfund statutes and regulations for costs incurred in response to releases or threatened releases of Hazardous Substances at or around the Property.

35.    Plaintiff is informed and believes and on that basis alleges that the releases of Wastes and other Hazardous Substances at the Property which occurred prior to January 1, 1982 violated various provisions of state and federal law including, but not limited to, *California Health and Safety Code*, §§3479, 5410 and 5411, *California Fish & Game Code*, §5650 and *California Water Code*, §13000.

36.    As a direct and proximate result thereof, the Partnership and Operators are liable to Plaintiff for contribution and indemnification for removal and remediation costs incurred and which will be incurred in the future.

**FIFTH CAUSE OF ACTION FOR CONTINUING NUISANCE**

37.    Plaintiff incorporates by reference Paragraphs 1 - 11, 13 - 15, and 24 - 27 above.

38.    Under *California Civil Code*, §3479, the acts and omissions of the Partnership and Operators constitute a private nuisance.

39.    The release of Hazardous Substances and Waste at the Property interfered with, and continues to interfere with Plaintiff's use and enjoyment of the Property and, therefore, constitutes a nuisance.  The nuisance created a risk at the Property to the environment and to human health.

6

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses

40.     On information and belief, the environmental contamination at the Property may be abated by reasonable measures and without unreasonable expense.

41.     Plaintiff has notified, or made reasonable efforts to notify, the Partnership and Operators of damage to the Property caused by the nuisance.  The Partnership and Operators have failed to compensate Plaintiff for its damages and have failed to remedy the situation.

42.     As a direct and proximate result of the Partnership's and the Operators' acts and omissions, Plaintiff has incurred, and will continue to incur, damage in an amount that will be proven at trial; Plaintiff is entitled to injunctive relief requiring the Partnership and Operators to abate the nuisance.

**SIXTH CAUSE OF ACTION FOR CONTINUING TRESPASS**

43.     Plaintiff incorporates by reference Paragraphs 1 - 11, 13 - 15, 24 - 27, and 41 above.

44.     The Partnership and Operators trespassed on the Property by disposing or permitting the disposal of Hazardous Substances and Solid and Hazardous Wastes on the Property without Plaintiffs consent and by failing to remove such substances from the Property.

45.     On information and belief, the environmental contamination at the Property may be abated by reasonable measures and without unreasonable expense.

46.     As a direct and proximate result of the Partnership's and Operators' acts and omissions, Plaintiff has incurred, and will continue to incur, damage in an amount that will be proven at trial; Plaintiff is entitled to injunctive relief requiring the Partnership and the Operators to abate the nuisance.

**SEVENTH CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION**

47.     Plaintiff incorporates by reference Paragraphs 1 - 11, 13 - 15, 24 - 27, and 41 above.

48.     The Partnership's and the Operators' wrongful acts and omissions

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses

directly and proximately contributed to the release of Hazardous Substances to the Property and the groundwater and emanating from the groundwater.

49.     Plaintiff demands contribution from the Partnership and the Operators under equitable principles for its costs and damages related to the contamination.

**EIGHTH CAUSE OF ACTION FOR EQUITABLE INDEMNITY**

50.     Plaintiff incorporates by reference Paragraphs 1 - 11, 13 - 15, 24 - 27, and 41 above. On information and belief, Plaintiff alleges that it sustained damages as a direct and proximate result of the Partnership's and the Operators' wrongful acts and omissions.  Plaintiff is entitled to indemnity from the Partnership and the Operators for Plaintiff's costs and damages relating to the contamination under equitable principles.

**NINTH CAUSE OF ACTION FOR DECLARATORY RELIEF**

51.     Plaintiff incorporates by reference Paragraphs 1 - 11, 13 - 15, 24 - 27, and 41 above.

52.     Plaintiff alleges that the Partnership and the Operators are liable to Plaintiff for all response costs related to remediating contamination of the Property by Wastes and other Hazardous Substances, including those incurred in the future.

53.     On information and belief, Plaintiff alleges that the Partnership and the Operators deny liability.

54.     Without a declaration of the parties' respective rights and obligations, there are likely to be multiple actions between the parties to resolve disputes over ongoing obligations to remediate contamination of the Property.

**TENTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF UNDER THE RESOURCE CONSERVATION AND RECOVERY ACT, 42 U.S.C. §6972**

55.     Plaintiff incorporates by reference Paragraphs 1 - 11, 13 - 15, 24 - 27, and 41 above.

56.     The Operators are former generators of hazardous wastes, including

8

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses

PCE, which is a hazardous waste, and disposed of at the Property.

57.    The Partnership is a former owner or operator of the Property, at which waste, including PCE, was generated and disposed.

58.    The Operators and the Partnership contributed to the handling, storage, treatment, or disposal of wastes, including hazardous wastes, at the Property.

59.    The presence of hazardous waste at the Property may present an imminent and substantial endangerment to health or the environment.

60.    Notice of Intent to file this suit has been provided to the Administrator of the United States Environmental Protection Agency, and the State of California.

61.    Plaintiff is entitled to injunctive relief requiring the Operators and Partnership to abate the imminent and substantial endangerment.

WHEREFORE, Plaintiff prays for judgment against the Partnership and Operators as follows.

1.    To indemnify Plaintiff for all response and other costs incurred and to be incurred in the future to remediate and abate conditions cause by the disposal and release of Wastes and other Hazardous Substances on the Property according to proof; and

2.    For all damages incurred by Plaintiff according to proof; and

3.    For an order requiring the Partnership and Operators to comply with all laws and regulations governing the disposal of Wastes and other Hazardous Substances; and

4.    For an order requiring the Partnership and Operators to take all actions that may be necessary to abate all imminent and substantial endangerment, hazardous waste violations, nuisance, and trespass caused by the disposal of Wastes and other Hazardous Substances; and

5.    For a Declaration that the Partnership and Operators are obligated to take all actions described in Paragraph 4 of this Prayer until the Property free of

9

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses

measurable contamination; and

      6.    For interest on all monetary damages at the legal rate; and

      7.    For Plaintiff's reasonable attorney fees as permitted by law; and

      8.    For costs of suit; and

      9.    Such other relief as the Court deems proper.

Dated:  January 24, 2024          HAMLIN | CODY

By: /s/ *Richard F. Hamlin*
Richard F. Hamlin
Attorneys for Marina Properties, LLC.

10

Complaint to Recover Remediation and Investigation Costs, and Related Damages and Expenses